UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| SARAH O'NEILL, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>LIEUTENANT GENERAL )<br>WILLIAM J. HARTMAN, USA, )<br>Performing the Duties of the Director, )<br>National Security Agency )<br>9800 Savage Rd. Suite 6272 )<br>Fort George G. Meade, Maryland 20755 )<br>)<br>    Defendant. )<br>) | Civil Action No. 1:25-cv-04228-LKG |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO WAIVE LOCAL RULE 102.2(a) REQUIREMENT TO PROVIDE ADDRESS IN COMPLAINT CAPTION**

Local Rule 102.2(a) requires that the case caption of the original complaint contain "addresses of all parties and the county of residence of any Maryland party." However, as the Fourth Circuit has held, "compelling concerns relating to personal privacy or confidentiality may warrant" waiving disclosure requirements. *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *Edgar v. Coats*, 454 F. Supp. 3d 502, 521 (D. Md. 2020) (granting plaintiff's request to waive Local Rule 102.2(a) based on privacy concerns), *aff'd sub nom*. *Edgar v. Haines*, 2 F.4th 298 (4th Cir. 2021). Plaintiff Sarah O'Neill's Maryland county of residence is included in the caption of the Complaint, but she reasonably fears that including her home address in the public record, available to any person with access to PACER or other sources of litigation filings, including public news sources that are likely to take interest in this action, presents particular risks in light of the widespread harassment and violence against transgender individuals and those critical of the Trump administration. Disclosing Ms. O'Neill's home address poses

1

additional risks due to her employment at the National Security Agency. Because Ms. O'Neill demonstrates compelling concerns related to personal privacy and confidentiality, and absent prejudice to Defendant, such a waiver is warranted here.

### I. Argument

The Fourth Circuit has identified several factors for courts to consider in balancing the need for open proceedings against litigants' privacy concerns, including: "[w]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation," "whether identification poses a risk of retaliatory physical or mental harm to the requesting party," and "whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to procced anonymously." *Pub. Citizen*, 749 F.3d at 273 (quoting *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993)). These factors favor allowing Ms. O'Neill to omit her home address from the caption of the complaint.

### A. Identification of Ms. O'Neill's Address Poses a Risk of Retaliatory Violence and Other Harm.

Ms. O'Neill is reasonably concerned that disclosing her home address could lead to harassment and compromise her safety. Ms. O'Neill's fears are three-fold. First, transgender individuals face heightened levels of violence, including physical and verbal attacks.[1] Transgender individuals in the public spotlight are often subjected to death threats, harassment, and stalking.[2] Second, public critics of President Trump or the Trump administration have been

---

[1] *1 in 4 Transgender Adults Say They've Been Physically Attacked, New KFF/Washington Post Partnership Survey Finds*, KFF (Mar. 24, 2023), https://www.kff.org/mental-health/1-in-4-transgender-adults-say-theyve-been-physically-attacked-new-kff-washington-post-partnership-survey-finds/.

[2] *See, e.g.*, Anna North, *The first openly transgender gubernatorial nominee from a major party is getting death threats*, VOX (Aug. 29, 2018), https://www.vox.com/2018/8/29/17797262/christine-hallquist-vermont-governor-race-trump-transgender; John Yoon, *Transgender Influencer Speaks Out After Backlash Against Bud Light*, N.Y. TIMES (June 29, 2023) ("Since April, when the influencer, Dylan Mulvaney, featured Bud Light in an Instagram

frequent targets of severe harassment and threats of violence.[3]  Third, because Ms. O'Neill is an intelligence employee, disclosing her home address increases the likelihood she could be subject to threats or violence because of her access to intelligence information.  *See Senior Executives Ass'n v. United States,* No. 8:12-cv-02297-AW, 2012 WL 6109108, at *4 (D. Md. Dec. 7, 2012) (granting plaintiffs' 102.2 waiver in part because "the record contains somewhat sensitive information regarding the Doe Plaintiffs' intelligence, foreign service, activism, and adjudication. Disclosing their home addresses increases the likelihood that they will become targets of threats and violence, especially because the Court is not allowing them to proceed under pseudonyms.").

As a transgender woman suing the Trump administration, any public attention exposes Ms. O'Neill to the significant possibility of harassment and threats from members of the public. Both the "considerable public animus against" transgender individuals and "the passion that may be inflamed by this lawsuit against high-ranking government actors" threaten Ms. O'Neill's safety and support her request to shield her home address from public disclosure.  *See Casa de Maryland, Inc. v. Trump*, No. GJH-18-845, 2018 WL 1947075, at *2 (D. Md. Apr. 25, 2018) (discussing animus against immigrants); *Edgar,* 454 F. Supp. 3d, at 521.  Further, Ms. O'Neill's employment at the NSA also makes her a potential target of threats and violence from "adverse actors" and provides additional justification for waiving Local Rule 102.2.  *See Senior Executives Ass'n,* 2012 WL 6109108, at *2, *4.  Therefore, even if Ms. O'Neill's fears associated with making her home address publicly available are presently "speculative," they are eminently "legitimate."  *Casa de Maryland*, 2018 WL 1947075, at *2 (D. Md. Apr. 25, 2018).

---

video, she has faced stalking and personal attacks, she said in videos she posted on social media. She has also been targeted with death and bomb threats….").

[3] Jane C. Timm, *Criticism of Trump Draws Online Harassment, Threats*, NBC NEWS (Mar. 24, 2016), https://www.nbcnews.com/politics/2016-election/criticism-trump-draws-online-harassment-threats-n544966 (reporting on persistent harassment of those who have publicly criticized the Trump and noting outspoken critics who fear for their safety).

3

> **B.     Ms. O'Neill Does Not Merely Seek to Avoid the Annoyance and Criticism that May Attend any Litigation.**

Ms. O'Neill does not seek to hide her address from public view merely to escape the "annoyance and criticism" that may be associated with filing suit against the Government.  *See Pub. Citizen*, 749 F.3d at 274–55.  She is not seeking to hide her identity in this lawsuit, nor to prevent reputational repercussions related to this litigation.  *See id.*  Indeed, Ms. O'Neill is bravely willing to put her name on the complaint and speak publicly about the underlying facts of this lawsuit, despite the personal and professional risks associated therewith.  She merely seeks not to disclose her home address in a public filing.

Accordingly, the "slight" public interest in disclosing Ms. O'Neill's address "does not justify exposing [her] to the risk of excessive harassment or violent reprisals."  *See Casa de Maryland*, 2018 WL 1947075, at *2; *see also Zaid v. Dep't of Homeland Sec.,* No. CV DKC 22-1602, 2022 WL 4448863, at *2 (D. Md. Sept. 23, 2022) ("The public will still know Plaintiff's full name, just not [her] home address, in which the public's interest is minimal.").

> **B.  There is No Risk of Unfairness to the Opposing Party from Allowing Ms. O'Neill to Omit Her Home Address.**

Defendant is "fully capable of investigating and responding to the allegations" without public disclosure of Ms. O'Neill's home address.  *See Nat'l Ass'n for Advancement of Colored People v. United States*, No. 8:25-cv-00965-JRR, 2025 WL 2423497, at *3 (D. Md. Aug. 21, 2025) (grating Plaintiff's motion to waive 102.2(a) requirements) (quoting *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013)).  Ms. O'Neill's identity is well-known to Defendant.  She is an employee of Defendant, and Defendant has already investigated and dismissed her internal Equal Employment Opportunity complaint.

4

Moreover, Ms. O'Neill's home address is not "relevant to the claims and defenses asserted in this case." *See Scott v. Baltimore Cnty., Maryland*, No. CV SAG-21-34, 2022 WL 20289511, at *1 (D. Md. July 15, 2022); *see also Casa de Maryland*, 2018 WL 1947075, at *2 (granting plaintiffs' request to conceal addresses in part because it was "unclear how [their] addresses will be relevant to any questions of law or fact that the Court must resolve").

That Defendant is a government entity further weighs in Ms. O'Neill's favor. "[U]nlike private parties, the Government is not vulnerable to the reputation and economic harm associated with having a suit [filed] against it such that the Court would need to require full disclosure of a plaintiff's identity in the interest of fairness." *Casa de Maryland*, 2018 WL 1947075, at *2.

### II.     Conclusion

For the foregoing reasons, Ms. O'Neill respectfully requests that this Court grant her Motion to waive her obligation under Local Rule 102.2(a) to provide her home address in the case caption.

Date: December 22, 2025                                          Respectfully Submitted,

          /s/Matthew LaGarde

Matthew LaGarde (D. Md. Bar No. 21835)
Carolyn L. Wheeler*
Rachel E. Green*
**Katz Banks Kumin LLP**
11 Dupont Circle, Suite 600
Washington, D.C. 20036
Tel: (202) 299-1140
Fax: (202) 299-1148
Email:  lagarde@katzbanks.com
              wheeler@katzbanks.com
              green@katzbanks.com

Rebecca Peterson-Fisher*
Isabel Rothberg*

5

        235 Montgomery Street, Suite 665
        San Francisco, CA 94104
        Tel: (415) 813-3260
        Fax: (415) 813-2495
        Email: peterson-fisher@katzbanks.com
               rothberg@katzbanks.com

**pro hac vice* application *forthcoming*

*Counsel for Plaintiff Sarah O'Neill*