**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| SARAH O'NEILL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 25-cv-04228-LKG |
| | ) | |
| v. | ) | Dated:  April 17, 2026 |
| | ) | |
| JOSHUA M. RUDD,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

The Plaintiff, Sarah O'Neill, brings this civil action against the Defendant, General Joshua M. Rudd, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.  ECF No. 1.  Pending before the Court is the Plaintiff's motion to waive local rule 102.2(a)'s requirement to list her address in the complaint.  ECF No. 2.  For the reasons that follow, the Court **GRANTS** the Plaintiff's motion to waive the requirement of local rule 102.2(a).

Rule 10(a) of the Federal Rules of Civil Procedure requires that the identities of all parties be disclosed in the complaint.  Fed. R. Civ. P. 10(a); *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014).  In addition, Rule 102.2(a) of the Court's Local Rules requires that the original complaint "shall contain the names and addresses of all parties and the county of residence of any Maryland party."  L.R. 102.2(a) (D. Md. 2025).  And so, the Court has held that the requirements of Fed. R. Civ. P. 10(a) and L.R. 102.2(a) "generally serve the public interest in knowing the names and identities of the parties in furtherance of openness of judicial proceedings."  *CASA de Maryland, Inc. v. Trump*, No. 19- 2715, 2019 WL 8989594, at *1 (D. Md. Oct. 1, 2019) (citing *Public Citizen*, 749 F.3d at 273); *Portillo v. H Rest. & Night Club LLC*, No. 21-2894, 2022 WL 2703835, at *1 (D. Md. July 12, 2022).

---

[1] The Plaintiff initially brought this case against Acting Director of the National Security Agency, Lieutenant General William J. Hartman.  ECF No. 1.  The Court substitutes General Joshua M. Rudd as the proper defendant in this matter.

The United States Court of Appeals for the Fourth Circuit has recognized, however, that "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings." *Portillo*, WL 2703835, at *1 (quoting *Public Citizen*, 749 F.3d at 273).

And so, the Court considers the following factors when determining whether the Plaintiff's privacy concerns overcome the filing requirements under Fed. R. Civ. P. 10(a) and L.R. 102.2(a) in this case:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

The Court is satisfied that the *James* factors warrant granting the Plaintiff's motion in this case for several reasons. First, the Plaintiff persuasively argues that she would face a heightened risk of harassment and retaliation if her address is publicly disclosed in the complaint, because she is transgender. In this regard, the Plaintiff explains that her transgender identity creates a risk of harassment and retaliation. *See* ECF No. 2 at 2–3. Second, the Plaintiff also states that if she is required to publicly disclose her address, that her position as a federal intelligence officer also creates a heightened risk of harassment and a risk to her safety. *See id.*

Third, the Plaintiff argues with persuasion that the public's interest in open judicial proceedings would be minimally affected by the omission of her address from the complaint, because this information is not relevant to any question of law or fact presented in this case. *Id.* at 4. Lastly, the Plaintiff also persuasively argues that the Defendant would not be prejudiced by the omission of her address from the complaint, because the Plaintiff is a current employee of the National Security Agency and her identity is well known to the Defendant.

In light of the foregoing, the Court is satisfied that the relevant *James* factors weigh in favor of waiving the requirements under Fed. R. Civ. P. 10(a) and L.R. 102.2(a) in this case. And so, the Court: (1) **GRANTS** the Plaintiff's motion to waive local rule 102.2(a) (ECF No. 2).

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

3