**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| O'Neill,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Rudd,<br><br>　　　　Defendant. | )<br>)<br>)　　Civil Action No. 1:25-cv-04228-LKG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

Whereas, Plaintiff Sarah O'Neill and Defendant Joshua G. Rudd, in his official capacity as Director, National Security Agency (collectively, the "parties") have stipulated that documents and information relevant to this matter require greater protection than that afforded by a Stipulated Order Regarding Confidentiality of Discovery Material issued under Local Rule 104.13.

Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), it is this ____ day of July, 2026, by the United States District Court for the District of Maryland, ORDERED:

1)　　Classified and/or Protected Information may be contained in documents or information sought from the National Security Agency ("NSA") either during or outside of the formal discovery process. In order to permit the formal or informal discovery of such documents and information, and to prevent the unauthorized disclosure of Classified and/or Protected Information, the parties to the above-captioned action hereby stipulate and it is hereby ordered that any information sought or intended to be divulged by Plaintiff O'Neill shall, prior to any release by Plaintiff, be submitted to the NSA Office of Information Security/Classification for

classification review concerning whether it may be released under the terms of this Order.  If the NSA Office of Information Security/Classification determines that the information is reasonably segregable, it will redact the information that may not be released and release only those reasonably segregable portions of the document(s), as appropriate. If the information is not reasonably segregable or otherwise cannot be released under the terms of this Order, the NSA Office of Information Security/Classification will notify Plaintiff.

2) Plaintiff and Plaintiff's representative (to include Plaintiff's attorney in this matter) acknowledge that Plaintiff and all current and former NSA personnel are prohibited from disclosing Classified Information to unauthorized persons. "Classified Information" means information classified pursuant to Executive Order 13526, as amended, as well as its predecessors and/or successors.

a) Nothing contained herein shall be construed to permit the disclosure of Classified Information to an unauthorized person by any person who knows or should reasonably know that such information is classified. An "authorized person" is one cleared to access Classified Information provided that:

    i) A favorable determination of eligibility for access has been made by an agency head or the agency head's designee;

    ii) The person has signed an approved nondisclosure agreement; and

    iii) the person has a need-to-know the information.

b) An Attorney with NSA's Office of General Counsel shall serve as Designated Agency Counsel for purposes of questions concerning Classified Information related to this matter. Designated Agency Counsel will serve as Plaintiff's point of contact within the Agency for any request to obtain or divulge Agency information

that Plaintiff believes or has reason to believe is classified, even if not officially marked as such. Plaintiff or Plaintiff's representative, shall promptly notify Designated Agency Counsel if Plaintiff seeks to obtain, comes into possession of, and/or seeks to divulge information that Plaintiff believes or has reason to believe is classified, even if not officially marked as such. Plaintiff and Plaintiff's representative agree to relinquish such documents to Designated Agency Counsel, for review and to destroy any additional electronic or physical copies, and the Agency will review any such information. To the extent possible, the Agency shall determine whether or not the information can be sanitized or will remain classified. If the information can be sanitized, the Agency will return the document to Plaintiff, and/or Plaintiff's representative, in unclassified form. Apart from serving as a point of contact for Plaintiff and/or Plaintiff's representative for issues concerning Agency information, Designated Agency Counsel will be walled off from any substantive participation in this matter. Designated Agency Counsel will not share with counsel or the legal team defending this matter any information related to communications with Plaintiff concerning the possession, obtaining, and/or divulging of information that Plaintiff believes or has reason to believe is classified. The Parties agree that Plaintiff does not waive any otherwise applicable privilege or protection by providing documents to Designated Agency Counsel for review.

c)    If any information found to be classified was in the possession of Plaintiff and/or Plaintiff's representative, any hard copies of the information shall be returned to the Agency's representatives as soon as practicable, and any electronic copies shall be deleted in accordance with instructions from the Agency's Office of Security.

3) Plaintiff and Plaintiff's representative also acknowledge that all current and former NSA personnel are prohibited from disclosing Protected Information unless authorized to do so by NSA. "Protected Information" means unclassified information within the scope of Section 6 of the National Security Agency Act of 1959, as amended (hereinafter, the "Act"), Public Law 86-36, 50 U.S.C. § 3605; 18 U.S.C. § 798; or 50 U.S.C. § 3024(1)(i); and material covered by the Privacy Act, 5 U.S.C. 552(a).

a) All Agency documents including, but not limited to, emails, forms, letters, policies, and decisions are presumed to contain Protected Information and must be processed and approved for use by the NSA Office of Information Security/Classification before their intended use, as specified herein. Requests for processing documents and information that contain Protected Information must be made at least 45 days before their intended use in order to provide the Agency with sufficient time to adequately review and process said documents and information for approved use in this matter (e.g. for use at depositions and hearings). Failure to make timely requests may result in the Agency's inability to process documents and information before the date of their intended use through no fault of the Agency. The Agency will not oppose any request for a reasonable extension of a deadline where that request is necessitated by the time required for the Agency's processing of documents or information.

b) Documents and information that contain Protected Information approved for use by the NSA Office of Information Security/Classification in this matter (hereinafter referred to as "Protected Information"), as specified herein, may be disclosed only to the Court considering this matter, Plaintiff, fact witnesses who are current NSA

employees, Plaintiff's representative and persons employed by Plaintiff's representative to include paralegals, secretaries, support staff, consultants and experts. Protected Information may also be disclosed to persons engaged by the parties to conduct mediation or settlement discussions. No further disclosure may be made absent express permission of the Agency and order of the Court.

c)      Except as permitted under paragraph (a) and (b) above, if Plaintiff or Plaintiff's representative reasonably expects to disclose, or seek disclosure of, Protected Information, other than to current NSA personnel, the Court, or persons engaged by the parties to conduct mediation or settlement discussions, in any manner, in connection with any preparation, activity, hearing or proceeding involving this matter, Plaintiff and/or Plaintiff's representative shall, at least five (5) working days prior, or as soon as is practicable, notify Agency counsel and the Court in writing. Such notice shall include a brief description of the action to be taken, the information that may be disclosed, and the identity of possible recipients of Protected Information. Such notice does not constitute the Agency's approval to disclose Protected Information and the Agency may seek an order from the Court to prevent disclosure of, or otherwise safeguard, the Protected Information. Agency documents and information that have not been processed and approved by NSA's Office of Information Security/Classification shall not otherwise be disclosed. Agency personnel, other than Plaintiff or Agency counsel, will only be identified in this litigation by their titles and/or first name and first initial of their last names (for example, John Smith shall be referred to only as "John S."). The Agency will provide Plaintiff and Plaintiff's representative with such individuals' complete

identities for background use if such information is necessary for Plaintiff to litigate the Complaint and if the individual's association with the Agency is not classified.

d)  Any Protected Information provided by NSA or otherwise approved for use by Plaintiff, or Plaintiff's representative, and any notes or other materials prepared based upon or referring to Protected Information, shall be kept in a manner to ensure strict confidence. Plaintiff and Plaintiff's representative shall limit access to Protected Information to those individuals who have strict need for such access. All such individuals shall have read and acknowledged receipt and review of this Stipulated Protective Order, and accepted its terms, by executing a copy of Attachment A. Plaintiff and Plaintiff's representative will provide Agency counsel with the names of those individuals who will have access to Protected Information, and a copy of their executed copy of Attachment A (attached herein). The list of individuals who have access shall be revised as soon as Plaintiff and Plaintiff's representative become aware that additional persons will have access to Protected Information.

e)  All documents (including all originals and copies) containing Protected Information in the possession of Plaintiff or Plaintiff's representative shall be returned to the Agency within thirty (30) days of the conclusion of this matter, including any appeals. Alternatively, Plaintiff, Plaintiff's representative or employees or consultants thereof, agree to execute a certification indicating that all Protected Information in the possession of Plaintiff, Plaintiff's representative or employees or consultants, has been destroyed within thirty (30) days of the conclusion of this matter, including any appeals. To the extent that Plaintiff seeks

access to records covered by the Privacy Act of 1974, Plaintiff must follow the procedures prescribed by the Agency.

f)    Nothing in this Stipulation may be taken or construed as a ruling or statement concerning the admissibility of any documents or information at trial, a hearing, or any other legal proceeding.

IT IS SO ORDERED.


Date:    _____

LYDIA KAY GRIGGSBY
UNITED STATES DISTRICT COURT JUDGE

**ATTACHMENT A**

LETTER TO BE EXECUTED BY ALL PERSONS HAVING ACCESS TO INFORMATION PROTECTED BY THIS STIPULATED PROTECTIVE ORDER

DATE: [INSERT TODAY'S DATE]

RE:     O'Neill v. Rudd

        Civil Action No. 1:25-cv-04228-LKG

Dear _____,

I hereby acknowledge that certain information, documents and materials that have been or will be shown to me in connection with the above-captioned case contain information that is protected by an Order entered in this case and/or that I have access to physical and/or electronic files containing such information. I have received and read the enclosed Order, dated [INSERT TODAY'S DATE], in its entirety, and understand and agree that my access to material protected by that Order subjects me to all of its provisions.

I will not, under any circumstances, disclose or discuss any Protected Information, document or material or its contents to or with anyone except as provided in that Order. If my participation in this matter requires me to have in my possession any information, documents or materials, designated as protected, I will return all such documents to you in accordance with this Order. Upon the conclusion of this matter, any materials subject to this Order will be processed in accordance with this Order.

If I have any questions about the Order or need for this letter, I will contact you immediately before reviewing any of the documents or materials that have been provided to me.

Date:                                 _____

                                      Plaintiff
                                      Name
                                      Street Address
                                      City, State Zip
                                      Phone Number
                                      email

Date:                                 _____

                                      Plaintiff's Representative
                                      Name
                                      Street Address
                                      City, State Zip
                                      Phone Number
                                      email