[redacted]



**NATIONAL SECURITY AGENCY**
**FORT GEORGE G. MEADE, MARYLAND 20755-6000**

**D6-022-25**

**SARAH O'NEILL**
Complainant,

**v.**

**WILLIAM J. HARTMAN**
Lieutenant General, U.S. Army
Performing the Duties of the Director
of the National Security Agency,
Agency.

Agency EEO Case No. 25-020

**FINAL AGENCY DECISION**

---

## Statement of the Claim(s)

(U) Complainant alleged discrimination based on sex (gender identity/transgender status), due to the creation of a hostile work environment resulting from the enactment of policies and guidance stemming from the issuance of Executive Order (EO) 14168, "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," 20 January 2025.

## Procedural History

- (U) Dates of alleged discriminatory event: 29 January 2025, 31 January 2025, 19 March 2025, 8 April 2025, 6 May 2025, 9 May 2025.
- (U) Date of Initial Contact: 20 March 2025
- (U) Informal Complaint Filed: 3 April 2025 (Enclosure 1)
- (U) Date of Notice of Right to File Formal Complaint issued: 5 May 2025
- (U) Formal Complaint Filed: 8 May 2025 (Enclosure 2)
- (U) Counseling Report requested: 8 May 2025
- (U) Counseling Report issued: 19 May 2025 (Enclosure 3)

[redacted]

## Statement of the Facts

## (U) BACKGROUND

(U/[redacted]) Complainant was an Agency employee at the time of the alleged discrimination. The alleged discrimination arose following the issuance of EO 14168 on 20 January 2025. Consistent with EO 14168, as well as the Office of Personnel Management's (OPM) and Department of Defense's (DoD) subsequent implementing guidance, the Agency issued several communications to the workforce. In Complainant's formal complaint filed on 8 May 2025, Complainant alleged the following Agency communications created a hostile work environment:[1]

- (U/[redacted]) On 31 January 2025, the Agency advised it would fully comply with EO 14168 and OPM's subsequent "Initial Guidance Regarding President Trump's Executive Order Defending Women."

- (U/[redacted]) On 19 March 2025, the Agency advised the workforce that "pronouns are not specifically prohibited in signature blocks. However, pronoun use must be consistent with the policy established in the Defending Women Executive Order (EO 14168) and follow-on guidance from the DoD. DoD has also issued a memo directing that 'pronoun usage when referring to Service members must reflect a Service member's sex.'" In the same message, the Agency noted the National Security Agency (NSA) Inspector General's clarification that "while EO 14168 doesn't directly mention pronouns or their removal, it does specify that 'sex' should only refer to a person's immutable biological classification as male or female."[2]

- (U/[redacted]) On 8 April 2025, the Agency advised the workforce that NSA/CSS had cancelled policy 1-78 "Gender Identity, Expression, and Affirmation" in accordance with EO 14168. That communication further stated that "effective immediately, all NSA personnel are required to use Agency intimate spaces – including restrooms and locker

---

[1] (U/[redacted]) In addition to the Agency workforce messages, Complaint alleged several other events resulted in discrimination and the creation of a hostile work environment. However, these events did not originate from the Agency. Therefore, as discussed further below, Complainant fails to state a claim with respect to the following:

- Office of Personnel Management memorandum, "Initial Guidance Regarding President Trump's Executive Order *Defending Women*," 29 January 2025;
- Office of the Under Secretary of Defense for Personnel and Readiness memorandum, "Department of Defense Implementation of Executive Order 14168, 'Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government,'" 31 January 2025, referencing the above OPM memorandum; and
- Secretary of Defense "No More Trans @ DoD" post on X, 6 May 2025. Complainant requested this event be added on 9 May 2025, after filing a formal complaint.

[2] (U) "Signature Blocks, Hiring Freeze and Other Updates," Publication Date 19 March 2025. (Enclosure 4)

[redacted]



rooms – in accordance with their biological sex, not gender identity," consistent with Department of Justice guidance for EO 14168.[3]

(U/[redacted]) On 9 May 2025, after filing the formal complaint, Complainant contacted the Agency's Office of Discrimination Complaints to request the addition of the following event to the complaint: On 9 May 2025, the Agency's Office of Contracting modified its purchase order guidance to ensure compliance with EO 14151, "Ending Radical and Wasteful Government DEI Programs and Preferencing" and EO 14168. Complainant noted this guidance included "a statement that the guidance specifically pertains to external vendors and applies to all products or services, such as external vendor trainings, speakers, memberships, subscriptions, written materials, and books."

## (U) COMPLAINANT'S CLAIM AND AGENCY'S RESPONSE

(U/[redacted]) Following initial contact on 20 March 2025, Complainant met with the Agency's Office of Discrimination Complaints for an interview on 21 March 2025. Complainant reported being a transgender woman, and stated "everything has been creating a hostile work environment since January 20." Complainant further stated a belief that Agency policies and guidance based on Executive Orders since January 20 are "a complete violation of the Civil Rights Act." Complainant said, "I know everybody's in a tough position and everybody's just trying to do their jobs, but at some level, someone needs to say this is not legal, I'm not gonna go along with this." At the time of the interview, Complainant named 19 March 2025 as the most recent instance of discrimination, as it was on this date that Complainant learned of Agency guidance on the use of pronouns in signature blocks. When asked about other incidents that would comprise a claim of hostile work environment, the Complainant did not provide specific examples. Instead, Complainant said:

> Every piece of guidance that has been published by the NSA, the PAEL [Presidential Administration Engagements Lead] team's website breaking down the EOs [Executive Orders], the gender ideology executive order itself is offensive. Everything that that page contains is extremely offensive. It's a persistent and calculated discrimination. It makes myself, and I know many others of the trans folks feel completely unwelcome, afraid. We're being told that if we want to put pronouns on our signature blocks, we have to use the incorrect ones…I'm no lawyer, I don't know the legality or lack thereof of EOs but everything in the EO that is 14168 is just incorrect reality, scientifically, incorrect, logically incorrect. It exists only to harm people and create scapegoats. It is in my opinion illegal and unacceptable discrimination.

[3] (U) "NSA/CSS Policy 1-78 'Gender Identity, Expression, and Affirmation Canceled,'" Publication Date 8 April 2025 (Enclosure 5)

[redacted]

(U//[redacted]) On 9 April 2025, Complainant added another discrimination event to the claim of a hostile work environment. Specifically, Complainant named the cancellation of NSA Policy 1-78, as well as the Daily Enterprise article "NSA/CSS Policy 1-78 'Gender Identity, Expression and Affirmation' Canceled,'" which stated, "consistent with Department of Justice implementation guidance and EO 14168, effective immediately, all NSA personnel are required to use Agency intimate spaces – including restrooms and locker rooms – in accordance with their biological sex, not gender identity."

(U//[redacted]) In response to the above allegations, on 24 April 2025, David I., the PAEL Lead, reported that EO 14168 contained explicit guidance to ensure bathrooms do not have signage with gender neutral language. Additionally, David I. referenced OPM and DoD documents that "give specific guidance on items like intimate spaces signage and other actions to take in regards to gender."

(U//[redacted]) On 25 April 2025, Marlisa S., the Agency's Chief of Staff, who was also dual hatted as the Acting Chief, Equal Employment Opportunity and Accessibility (EEO&A), reported that Agency guidance on Executive Orders, including EO 14168, came from the White House, OPM, and the DoD. She stated that the Agency's Policy 1-78 came out in January 2022 and pertained to gender expression and affirmation at NSA. She advised that Policy 1-78 was cancelled to ensure the Agency was in compliance with EO 14168. Marlisa S. explained that in her role as Acting Chief, EEO&A, she made the decision to cancel Policy 1-78. She reported that in her role as Agency Chief of Staff, she informed the Agency of the cancellation of Policy 1-78 through an article in the Daily Enterprise that ran on 7 and 8 April 2025. When asked if there is any possibility of Policy 1-78 being reinstated, Marlisa S. stated, "Not at this time, as it would make us out of compliance with that Executive Order." She added, "Unless there is some change to the Executive Orders, we don't see where we would be able to reinstate the policy at this time. At this time, the Policy is in direct conflict with the Executive Order."

(U//[redacted]) On May 8, 2025, Complainant filed her formal complaint, as detailed in the Background section above.

## Legal Analysis

(U) After a thorough review of Complainant's claims, the Agency's response, and the evidence, the Agency finds that Complainant's complaint must be dismissed pursuant to 29 CFR § 1614.107(a)(1) for failure to state a claim. "In determining whether a complaint states a claim, the proper inquiry is whether the conduct, if true, would constitute an unlawful employment practice under the EEO statutes." *Gruver v. U.S.P.S.*, Equal Employment Opportunity Commission (EEOC) Appeal No. 01A04319 (August 29, 2001). Pursuant to applicable regulations, dismissal of a claim is appropriate if the Complainant is not "aggrieved" by the matter alleged. A Complainant is aggrieved if that individual suffered "a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy." *Diaz v. Dep't of the Air Force,* EEOC Request No. 05931049 (April 21, 1994). An agency is required

to address EEO complaints only when filed by an individual who "suffered a direct, personal deprivation at the hands of the employer." *Gruver* citing *Quinones v. Dep't of Defense,* EEOC Request No. 05920051 (March 12, 1992). The agency's act must have "caused some concrete effect on [the aggrieved person's] employment status." *Id.*

(U) Furthermore, an Agency should only dismiss a complaint for failure to state a claim if it appears beyond doubt that the complainant can prove no set of facts in support of the claim which would entitle the complainant to relief. The factual allegations of the complaint must be considered in the light most favorable to the complainant to determine whether they are sufficient to state a claim. *See Cobb v. Dep't of the Treasury,* EEOC Request No. 0590077 (March 13, 1997).

(U) In addition, 29 CFR § 1614.106(a) provides that a "complaint must be filed with the agency that allegedly discriminated against the complainant." Failure to do so is grounds for dismissal for failure to state a claim. 29 CFR 1614.107 (a)(1).

## I. (U) The Formal Complaint Includes Claims Not Properly Before this Agency

(U/[redacted]) In the instant case, Complainant filed the formal complaint with NSA, but alleged discrimination based on several events that did not originate from the Agency:

- Issuance of Office of Personnel Management memorandum, "Initial Guidance Regarding President Trump's Executive Order Defending Women," 29 January 2025;
- Issuance of Office of the Under Secretary of Defense for Personnel and Readiness memorandum, "Department of Defense Implementation of Executive Order 14168, 'Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government,'" 31 January 2025, referencing the above OPM memorandum; and
- Secretary of Defense "No More Trans @ DoD" post on X, 6 May 2025.

(U/[redacted] As NSA did not initiate the above events, the Agency must dismiss these allegations for failure to state a claim. *See* 29 CFR § 1614.106(a).

## II. (U) *Texas v. Equal Emp. Opportunity Comm'n* Does Not Recognize Gender Identity and Transgender Status as Bases for Harassment Claims

(U/[redacted]) In addition, Complainant failed to state a claim with respect to all allegations because, consistent with the recent case of *Texas v. Equal Emp. Opportunity Comm'n*, a claim of harassment is not supported when the basis is gender identity or transgender status.[4]

[4] (U) *Texas v. Equal Emp. Opportunity Comm'n,* U.S. District Court for the Northern District of Texas, Amarillo Division, Case No. 2:24-CV-173-Z, Memorandum Opinion and Order, 15 May 2025. (Enclosure 6)

(U) On 15 May 2025, the U.S. District Court for the Northern District of Texas issued a Memorandum Opinion and Order in *Texas v. Equal Emp. Opportunity Comm'n*, partially vacating the EEOC's April 2024 Enforcement Guidance on Harassment in the Workplace after finding the gender identity-related portions of the guidance unlawful. The court held this guidance was unlawful because it expanded the definition of "sex" beyond the biological binary of male and female. Slip op. at 21. The court found neither the plain text of Title VII nor Supreme Court precedent defined "sex" to include sexual orientation or gender identity. *Id.* The court further opined that the EEOC's reliance on the Supreme Court case of *Bostock v. Clayton County*, 590 U.S. 644 (2020), was misplaced because the holding in *Bostock* was narrow, did not expand the Title VII definition of "sex," and was limited to the facts of that case, *i.e.*, an employer may not fire an employee simply for being homosexual or transgender. *Id.* at 22-24. Therefore, the EEOC lacked authority to expand the Title VII definition of "sex" to include sexual orientation and gender identity. The court ordered the vacatur of all gender identity-related portions of the EEOC's harassment guidance and further ordered this vacatur applies nationwide. *Id.* at 28-29.

(U) Following the court's order, the EEOC issued a press release dated 20 May 2025, regarding the court's ruling, advising that the ruling vacated portions of the EEOC's harassment guidance nationwide. The press release further advised that EEOC had labeled and shaded the vacated portions of the guidance on the agency's website to assist the public with following the court's decision.[5] On the applicable part of the EEOC website, the EEOC again noted the court's vacatur of the unlawful portions of the guidance applies nationwide, and stated the EEOC "has clearly labeled and shaded the portions of the document that the court held were unlawful and vacated." This included unlawful harassment, including hostile work environment, based on sexual orientation and gender identity. Of note, sex-based harassing conduct no longer includes "the denial of access to a bathroom or other sex-segregated facility consistent with the individual's gender identity" or the "intentional use of a . . . pronoun inconsistent with the individual's known gender identity." In addition, EEOC labeled as unlawful the example in the harassment guidance that stated "Harassment Based on Gender Identity Creates an Objectively Hostile Work Environment.[6]

## III. (U) Complainant Has not Alleged Facts Demonstrating that Complainant Was Aggrieved

(U//[redacted]) Notwithstanding the precedential authority of *Texas v. Equal Emp. Opportunity Comm'n*, Complainant failed to state a claim because Complainant did not establish a *prima facie* case that Complainant was aggrieved and suffered any present harm or loss with respect to

[5] Federal Court Vacates Portions of EEOC Harassment Guidance, EEOC Updates Website to Reflect Vacatur, Press Release dated 20 May 2025. (Enclosure 7)

[6] (U) Enforcement Guidance on Harassment in the Workplace, https://www.eeoc.gov/laws/guidance/enforcement-guidance-harassment-workplace.

[redacted]



a term, condition, or privilege of employment for which there is a remedy. Complainant did not specify a concrete harm sustained as a result of any of the alleged discriminatory events. Furthermore, the Agency cannot provide the remedy the Complainant seeks, which is to retract all guidance related to EO 14168 and reinstate policy 1-78. Moreover, the Agency is required to follow all Executive Orders issued by the President, as well as DoD implementing guidance. Per the guidance provided, the Agency was directed to effectuate EO 14168, to include requiring personnel to use Agency intimate spaces (*e.g.*, bathrooms and locker rooms) in accordance with their biological sex, and to require conformance with EO 14168's policy that "sex" refer to a person's "immutable biological classification as either male or female" and "does not include the concept of 'gender ideology.'"

## Statement of Conclusions

(U) In light of the above, we find that Complainant is not aggrieved in the EEO context and that Complainant's claims of discrimination based on harassment shall be dismissed for failing to state a viable claim.

## Statement of Notice and Relief

(U) Complainant has not prevailed on the alleged claims and accordingly, no relief is awarded.

## Statement of Notice and Rights

(U) In accordance with 29 C.F.R. §1614.402(a), Complainant may appeal this final action or decision (as appropriate) to the EEOC within thirty (30) calendar days of receipt of the Agency's final action or decision. EEOC form 573 (Notice of Appeal/Petition) is enclosed for Complainant's convenience. A copy of the appeal must also be filed with the Agency and must be addressed to Equal Employment Opportunity and Accessibility, Suite 6251, Ft. Meade, MD 20755-6251, at the same time it is filed with the EEOC. Statements or briefs in support of the appeal may be submitted to the EEOC, with a copy to the Agency, within thirty (30) calendar days from the date the appeal is filed. All appeals must be filed with the EEOC at one of the following addresses:

Via mail:

U.S Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Via personal service:

U.S Equal Employment Opportunity Commission
Office of Federal Operations

[redacted]

131 M Street, NE
Suite 5SW12G
Washington, DC 20507

Via facsimile: Director, Office of Federal Operations
Equal Employment Opportunity Commission
(202) 663-7022
(For statements of ten pages or less)

Via email: OFO.EEOC@eeoc.gov

Via EEOC Public Portal: https://publicportal.eeoc.gov

(U) In or attached to the appeal to the EEOC, Complainant must certify the date and method by which service was made to the Agency. Complainant must file a copy of the appeal and any statement or brief supporting the appeal with the Director, EEO&A, at the address noted above and the Agency's counsel at the address indicated in its appeal statement. A copy of this decision must also be attached to the Notice of Appeal Form 573. Failure to file Complainant's appeal within the 30-day period could result in the EEOC's dismissal of the appeal, unless Complainant explains, in writing, extenuating circumstances which prevented filing within the prescribed time limit. In that event, extending the time limit and accepting the appeal is within the discretion of the EEOC. Any statement or brief in opposition to an appeal must be submitted to the EEOC and served on the opposing party within 30 days receipt of the statement or brief supporting the appeal or if no statement or brief is filed, within 60 days of the receipt of the appeal.

(U) Complainant also has the right to file a civil action in the United States District Court. If Complainant chooses to file a civil action, Complainant may do so:

- Within 90 days of receipt of this final action or final decision (as appropriate) if no appeal to the EEOC has been filed; or
- Within 90 days after receipt of the EEOC's final decision on appeal; or
- After 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Equal Employment Opportunity Commission (EEOC).

The address for filing of a civil action with the United States District Court is:

United States District Court for the District of Maryland
101 W. Lombard Street

Baltimore, MD 21201

(U) Complainant is further notified that if Complainant files a civil action, Complainant must name the person who is the official agency head or department head as the defendant. "Agency" or "department" means the national organization, and not just the local office, facility, or department in which Complainant might work. Do not name just the agency or department. In Complainant's case, Complainant must name Lieutenant General William J. Hartman, USA, Performing the Duties of the Director, National Security Agency, as the defendant. Failure of Complainant to state the official title of the agency head or department head may result in dismissal of Complainant's case. If Complainant decides to file a civil action under Title VII, the Genetic Information Nondiscrimination Act or under the Rehabilitation Act, and if Complainant does not have or cannot afford the services of an attorney, Complainant may request that the Court permit Complainant file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend Complainant's time in which to file a civil action. Both the request and the civil action MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS of the date complainant receives the final action or final decision (as appropriate) from the agency or the EEOC.

(U) Any Agency brief in support of an Agency Appeal will be filed within twenty (20) days of filing the Agency's notice of appeal in accordance with 29 C.F.R. §1614.403(d). The complaint file will be submitted by the Agency to the Office of Federal Operations within thirty (30) days in accordance with 29 C.F.R § 1614.403(e).

[redacted]

25 September 2025
Date

KARL E. HABIGER
Director [redacted]
Equal Employment Opportunity and Accessibility

Encls:
1. (U) Informal Complaint
2. (U) Formal Complaint
3. (U) Counselor's Report
4. (U) "Signature Blocks, Hiring Freeze and Other Updates," Publication Date 19 March 2025.
5. (U) "NSA/CSS Policy 1-78 'Gender Identity, Expression, and Affirmation Canceled'", Publication Date 8 April 2025
6. (U) Texas v. Equal Emp. Opportunity Comm'n, Case No. 2:35-cv-00173-Z, Memorandum Opinion and Order, 15 May 2025

7. (U) Federal Court Vacates Portions of EEOC Harassment Guidance, EEOC Updates Website to Reflect Vacatur, Press Release dated 20 May 2025
8. (U) Security Guidelines for EEO Complaints
9. (U) EEOC Form 573

**CERTIFICATE OF SERVICE**

(U) I HEREBY CERTIFY that a copy of the Final Agency Decision and its enclosures, serial number D6-022-35 was sent via DoD Safe on this 25th day of September to the following individual:

Sarah O'Neill
[redacted]

______________________

[redacted]