**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SARAH O'NEILL,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL JOSHUA M. RUDD,<br>Director, National Security Agency<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:25-cv-04228-LKG |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF EXECUTIVE ORDER 14168**

Pursuant to Federal Rule of Evidence 201, Plaintiff Sarah O'Neill requests that the Court take judicial notice of Executive Order 14168, *Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, 90 Fed. Reg. 8615 (Jan. 30, 2025) (signed Jan. 20, 2025), attached hereto as Exhibit A.[1]

Judicial notice is proper when an adjudicative fact "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The contents of the Federal Register, which includes executive orders, "shall be judicially noticed." 44 U.S.C. § 1507. A court may take judicial notice of "matters of public record," including "proclamations issued by the head of the executive branch of government." *See Goldfarb*, 791 F.3d at 508 ("[A] court may properly take judicial notice of 'matters of public record.'")*; Nat'l Fed'n of the Blind, Inc. v. Lamone*, 438 F. Supp. 3d 510, 535 n.14 (D. Md. 2020) ("Courts may take judicial notice of facts that are not

[1] When ruling on a motion to dismiss, a court may consider documents subject to judicial notice without converting the motion into one by summary judgment. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015); *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

'subject to reasonable dispute' because their accuracy can be determined readily from inherently reliable sources. Fed. R. Evid. 201(b)(2). This includes proclamations issued by the head of the executive branch of government."); *United States v. Holmes*, 414 F. Supp. 831, 839 (D. Md. 1976) (taking judicial notice of a Presidential Proclamation); *S.A. v. Trump*, 363 F. Supp. 3d 1048, 1064 n.58 (N.D. Cal. 2018) (taking judicial notice of an Executive Order).

The Court may take judicial notice of Executive Order 14168 because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. It is a "matter of public record" and "proclamation[] issued by the head of the executive branch." *See Goldfarb*, 791 F.3d at 508; *Nat'l Fed'n of the Blind*, 438 F. Supp. 3d at 535 n.14. The Executive Order is also published in the Federal Register. *See* Fed. R. Evid. 201; 44 U.S.C. § 1507 ("The contents of the Federal Register shall be judicially noticed.").

Executive Order 14168 is referenced extensively throughout Plaintiff's Complaint, ECF No. 1 and in Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint, ECF No. 38. Executive Order 14168, which denies the existence of transgender people, is relevant to Plaintiff's claim that Defendant subjected Plaintiff to a hostile work environment in violation of her Title VII rights.

Dated: September 4, 2026

Respectfully submitted,



Rebecca Peterson-Fisher*
Isabel Rothberg*
**Katz Banks Kumin LLP**
235 Montgomery Street, Suite 665
San Francisco, CA 94104
Tel: (415) 813-3260
Fax: (415) 813-2495
Email: peterson-fisher@katzbanks.com
rothberg@katzbanks.com

/s/ Matthew B. LaGarde
Matthew B. LaGarde (D. Md. Bar No. 21835)
Carolyn L. Wheeler*
Rachel Green*
11 Dupont Circle, Suite 600
Washington, D.C. 20036
Tel: (202) 299-1140
Fax: (202) 299-1148
Email: lagarde@katzbanks.com
wheeler@katzbanks.com
green@katzbanks.com

*Admitted *pro hac vice*
*Counsel for Plaintiff Sarah O'Neill*